HARDING v. CONLON.

(Supreme Court, Special Term, New York County. February 6, 1912.)

1. EXECUTION (§ 406*)—SUPPLEMENTARY PROCEEDINGS—RECEIVERS.

While the court will not ordinarily divest a receiver of title in order to vest it in another receiver, but will instead extend the prior receivership, yet, where it appeared that money of a judgment debtor was in the hands of the receiver of premises in which the debtor had a dower interest, and that two receiverships would not conflict, the judgment creditor was entitled to have the right to payment of the money vested in a new receiver, without disturbing the prior receiver's title to the premises.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1162–1164; Dec. Dig. § 406.*]

2. EXECUTION (§ 406*)—SUPPLEMENTARY PROCEEDINGS—THIRD PARTY ORDER.

While, under Code Civ. Proc. § 2447, providing for delivery to a sheriff or a receiver of property of a judgment debtor in the hands of a third

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

person, such order cannot be made where the debtor's right to possession is substantially disputed, this will not prevent the appointment of a receiver for the property, leaving the receiver to take the proper steps to gain possession.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1162–1164; Dec. Dig. § 406.*]

Action by Winifred F. Harding against Eva K. Conlon. Application by judgment creditor for the appointment of a receiver of property belonging to the judgment debtor, in the hands of the receiver of the premises in which such debtor was entitled to a dower interest. Order made.

See, also, 146 App. Div. 842, 131 N. Y. Supp. 903.

Lewis S. Goebel, of New York City, for plaintiff.

J. Noble Emley, of New York City, for defendant.

LEHMAN, J. [1] The judgment creditor seeks to have a receiver appointed of the property belonging to the judgment debtor, now in the hands of the receiver of certain premises in which the debtor is entitled to a dower interest. The receiver was examined, and states that he has money in his hands belonging to the debtor, and no reason is apparent why title to this property should not be vested in a receiver appointed in this proceeding. It is true that the court will not ordinarily divest a receiver of title to property in order to vest title in another receiver, but will extend the prior receivership. In this case, however, the two receiverships will not clash. The prior receiver still maintains his title to the premises, but the right to the payment of the money in the hands of the receiver should be vested in a receiver for the benefit of the judgment creditor.

[2] Another party, however, claims that the judgment debtor has assigned the property to him, and that it now belongs to him, and not to the judgment debtor. Though it seems very probable that his claim is fictitious, yet in this proceeding, to which the assignee is not a party, I cannot conclusively dispose of his claim by ordering the receiver of the premises to deliver the property to the receiver appointed by me; for under section 2447 of the Code such an order can be made only where the debtor's right to possession is not substantially disputed. The judgment creditor, however, does not ask for an order directing the third party, in whose possession the property now is, to deliver it to the receiver appointed by me. She is entitled to the appointment of such a receiver, in order that such title as the judgment debtor possesses may be vested in the receiver. The receiver can then take such steps as may be necessary to obtain the property, if he is entitled to it.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes